**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDITH SCHUUR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BODUM USA, INC.,

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Judith Schuur (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This is a consumer class action arising out of Defendant Bodum USA, Inc.'s ("Defendant" or "Bodum") manufacture and sale of approximately 5.9 million defective French press coffee makers with 8-cup and 12-cup replaceable glass carafes (Bistro, Brazil, Caffettiera, Chambord, Crema, Java, Jesper, and Kenya models) (the "Products").[1]

2. The Products can unexpectedly break during use, as the glass carafe is susceptible to cracking or breaking from ordinary contact with metal utensils, including when using a metal spoon to stir coffee, posing a risk of serious burn injuries (the "Defect").[2]

---

[1] Plaintiff reserves the right to amend the complete list of the Products included in this lawsuit as information arises through discovery.

[2] *See* U.S. Consumer Product Safety Commission, *Bodum USA Recalls 5.9 Million French Press Coffee Makers with Replaceable Glass Carafes Due to Risk of Serious Burn Injury* (Oct. 29, 2026), https://www.cpsc.gov/Recalls/2027/Bodum-USA-Recalls-5-9-Million-French-Press-Coffee-Makers-with-Replaceable-

3. Bodum knew of this Defect through various complaints and reviews, including 70 reports of carafes breaking during use and 48 reports of burns to consumers. Nevertheless, these coffee makers were advertised and sold across the United States without adequate warnings or safeguards to prevent burn injuries.

4. Bodum's recall acknowledges this issue but fails to provide any mechanism to adequately remediate the Defect.[3] Bodum mentioned to Consumers that they should stop using metal spoons or utensils to stir coffee in the glass carafe immediately and contact Bodum to receive a plastic Bodum stirring spoon and warning label. [4]

5. The Recall fails to offer ***any monetary relief*** to the Plaintiff and Class Members who purchased the defective Products. Instead of providing a proper remedy, such as a full refund or product repair, Bodum merely supplies customers with an inadequate stirring spoon and warning label. As a result, Plaintiff and Class Members are left with defective Products that continue to pose a serious risk of burn injuries, while Bodum retains the full purchase price without providing any meaningful compensation for the defective Products it sold.

6. The hazardous nature of the Product and propensity for harm from the Products makes a full refund the proper method of recall.

7. Based on Defendant's labeling, packaging, and marketing materials, omissions, and Bodum's reputation as an expert on coffee makers, Plaintiff reasonably believed the Products did not suffer from the defect and did not pose safety risks to themselves and others in their households.

8. Defendant's failure to disclose this defect at the time of sale (the "Material Omissions") constitutes negligence and unjust enrichment. Plaintiff and Class Members would not

---

Glass-Carafes-Due-to-Risk-of-Serious-Burn-Injury (last accessed Oct. 29, 2026) (describing the hazard associated with the recalled Products, including the risk of glass carafe breakage resulting from damage caused by stirring coffee with a metal spoon).

[3] *Id.*

[4] *See* Defendant Website, https://www.bodumfrenchpressrecall.expertinquiry.com/ (Last accessed November 3, 2026)

have purchased the Products or would have paid significantly less had they known of risk of breakage and serious burn injuries.

9. This action seeks damages and equitable relief, including remediation funding for all affected Class Members.

10. Defendant's negligent conduct, including its failure to exercise reasonable care in the design, manufacture, and testing of the Products, as well as its failure to adequately warn consumers of the Defect, caused harm to Plaintiff and Class Members, while Defendant unjustly retained financial benefits from the sale of the defective Products.

## FACTUAL BACKGROUND

11. Defendant is a houseware and kitchenware manufacturer famous for its Scandinavian design aesthetic and coffee/tea makers. Defendant claims its mission is to "create great designs at affordable prices in line with our guiding principle of '***form follows functionality***'"[5] (emphasis added).

12. On October 29, 2026, the U.S. Consumer Product Safety Commission ("CPSC") announced a recall of approximately 5.9 million Bodum French press coffee makers due to "break during use if the glass carafe is damaged or cracked, including by use of a metal spoon to stir the coffee, posing a risk of serious burn injuries."[6]

13. The recall includes the following Bodum coffee makers sold under the Bodum brand name: Bistro, Brazil, Caffettiera, Chambord, Crema, Java, Jesper, and Kenya models.[7]

---

[5] *See* Defendant's Website, https://www.bodum.com/ca/en/about (Last accessed November 3, 2026).

[6] *See* Recall No. 27-055, https://www.cpsc.gov/Recalls/2027/Bodum-USA-Recalls-5-9-Million-French-Press-Coffee-Makers-with-Replaceable-Glass-Carafes-Due-to-Risk-of-Serious-Burn-Injury (Last accessed November 3, 2026)

[7] The Model numbers affected include the following: **Bistro** (1508-137B), **Brazil** (1548-01US, 1548-01WM, 1548-294US, 1552-01US, 11030-01US4, 10938-01B / K10938-01US / D10938-XYB, 10938-294B, 10938-913B, 10938-04B), **Caffettiera** (1918-01, 1918-01BUS, 1918-01LI-SET, 1918-913US, 1918-913CHA-10, 1918-01B-1, 1918-538, 1918-539, 1918-540, 1918-738B, 1918-873B-1, 1918-873B, 1918-733US, 1918-751-761, 1918-170-761, 1918-746-761, 1918-760-761, A1918-XYB-Y21-1, 1918-978B-Y18, A1918-XYB-Y18-1, A1918-XYB-Y18-2, 1918-981B-Y18-9, 1918-338B-Y19, A1918-XYB-Y19-1, 1918-339B-Y19, 1918-340B-Y19, 1918-695-367-MOMA, 1918-852-294-MOMA, 1918-763-

14. The CPSC disclosed that the company received at least "70 reports of carafes breaking during use, including 48 reports of burns to consumers."[8]

15. The affected Products were sold nationwide at retailers including Target, Walmart, and various coffee and home goods stores, as well as online through Bodum.com, Amazon.com, and other retailers' websites. The Products were sold from 1974 through October 2026, at prices ranging from approximately $15 to $65.[9]

16. Despite this disclosure, Bodum's purported remedy consists solely of providing consumers with a plastic stirring spoon and a warning label. Defendant offers neither a replacement product, a full refund, nor a repair addressing the Defect. Instead, consumers are left with defective Products that continue to pose a risk of serious burn injuries, while receiving nothing more than a stirring spoon and a warning label cautioning them about the very Defect the Recall purports to remedy. Moreover, there is no evidence that these measures effectively eliminate or adequately address the Defect.

17. Defendant's recall fails to provide Plaintiff and Class Members with any meaningful remedy for the defective Products, offering only a plastic stirring spoon and warning label rather than a refund, replacement, or repair addressing the Defect. As a result, Plaintiff and Class Members are left with Products that continue to pose a risk of serious burn injuries, without compensation for the diminished value of their purchases.

---

MOMA, 1918-860-1-MOMA, 1918-558-MOMA, 1918-530-531NPR, K1918-01TG, K1918-561-MOMA, DA1918-XYB-ALDI)**, Chambord** (1928-16US4 / 1928-16B / 1928-16SB / 1928-16US6, 1928-18B / 1928-18SBR / 1928-18TG, 1928-57BUS / 1928-57 / 1928-57B, K1928-57US-1, 1928-01, 1928-17B / 1928-17, 1928-913 / 1928-913B-1, 1928-380B, 1928-224, 1928-109S, 1932-16US4 / 1932-16B, 11652-498WS, 11172-01, 11172-16 / 11172-16US, 11172-17, 11652-18, 11652-16-107), **Crema** (11522-003, 10883-01 / 10883-01US, K10883-01) **Java** (1908-01, 1908-01B, 1908-294, 1908-294B, 1908-450B, 1908-538B, 1908-539B, 1908-911B, 1908-913B, K1908-01), **Jesper** (1927-259BUS, 1927-16 / 1927-16BUS), **Kenya** (M10930-01-10, M10685-01-10 / 10685-01B / 10685-01US, 11751-16WM, 1788-539BTG, DK11751-16WM, K1788-01/ K1788-01US-1)

[8] https://www.cpsc.gov/Recalls/2027/Bodum-USA-Recalls-5-9-Million-French-Press-Coffee-Makers-with-Replaceable-Glass-Carafes-Due-to-Risk-of-Serious-Burn-Injury (Last accessed November 3, 2026).

[9] *Id.*

18. Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing consumer products for "over 70 years," including producing and manufacturing the recalled Products.[10]

19. Defendant is in the unique and superior position of knowing the means by which its Products are manufactured and the steps needed to produce safe Products.

20. Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing of its Products.

21. Indeed, Defendant designed, manufactured, and tested the Products and should have been aware that the Products contained the Defect.

22. Defendant should have been aware of the Defect through its design, manufacturing, and testing processes, particularly in light of the consumer complaints it received concerning the Defect. Indeed, Defendant received at least 70 reports of glass carafes breaking during use, including 48 reports of consumers suffering burn injuries. Despite these reports, this information was not publicly available to Plaintiff and Class Members. Rather, information concerning the Products' design, manufacturing, testing, warranty claims, and consumer complaints remained within Defendant's exclusive possession and knowledge.

23. Moreover, Bodum was aware of the Defect through consumer complaints submitted to the CPSC.

24. The CPSC forwards consumer complaints concerning product safety hazards to manufacturers after receiving and reviewing them, thereby providing manufacturers with notice of potential defects in their products.[11]

---

[10] *See* https://www.bodum.com/us/en/history (Last accessed November 3, 2026).

[11] FAQs, Saferproducts.gov, https://www.saferproducts.gov/FAQs/FrequentlyAskedQuestions2#item2-1 (Last accessed November 3, 2026).

25. Unlike Defendant, Plaintiff and Class Members had no reasonable means of discovering that the Products were susceptible to breaking during ordinary use, posing a risk of serious burn injuries. Information concerning the Defect was not readily accessible to consumers, nor could the Defect reasonably be discovered through an ordinary inspection of the Products before purchase. Indeed, reasonable consumers are not expected to conduct independent product testing or extensive research to uncover undisclosed safety hazards before purchasing a French press coffee maker. Accordingly, Plaintiff and Class Members neither knew nor reasonably could have known of the Defect at the time of purchase.

26. Defendant owed Plaintiff and Class Members a duty to exercise reasonable care in the design, manufacture, testing, marketing, and sale of the Products, including a duty to adequately warn consumers of known or reasonably foreseeable safety risks associated with their intended use.

27. Defendant knew or should have known that the Products were susceptible to cracking or breaking during ordinary and foreseeable use, including when consumers used metal utensils to stir coffee, thereby exposing consumers to an unreasonable risk of serious burn injuries.

28. Despite its knowledge of the Defect, Defendant failed to adequately disclose or warn Plaintiff and Class Members of the risks associated with the Products. Such information was material to consumers because it directly concerned the safety, reliability, and intended use of the Products.

29. Defendant failed to exercise reasonable care by continuing to manufacture, market, distribute, and sell the Products without adequately addressing the Defect or providing sufficient warnings regarding the risks associated with their use.

30. Plaintiff and Class Members reasonably expected that the Products were safe for their ordinary and intended use and were unaware of the Defect and the associated risk of serious

burn injuries at the time of purchase.

31. Had Defendant adequately disclosed the Defect and the risks associated with the Products, Plaintiff and Class Members would not have purchased the Products or would have paid significantly less for them.

32. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members suffered economic harm in that they:

a. Paid money for Products containing an undisclosed safety Defect;

b. Paid more for the Products than they would have had the Defect been disclosed;

c. Were deprived of the benefit of their bargain because the Products were not reasonably safe for their ordinary and intended use; and

d. Purchased Products worth less than the amount they paid due to the undisclosed Defect.

33. Defendant benefited financially from the sale of the defective Products and retained revenues derived from Plaintiff's and Class Members' purchases, despite failing to adequately disclose or remedy the Defect.

**JURISDICTION AND VENUE**

34. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of Illinois and Defendant is headquartered in New York; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

35. This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

36. Venue is proper because Defendant is headquartered in the Southern District of

New York, and throughout the state of New York. A substantial part of the events, misrepresentations, or omissions giving rise to the Classes' claims occurred in this district.

## PARTIES

***Plaintiff Schuur***

37. Plaintiff Judith Schuur is a citizen and resident of Rockford, Illinois, residing in Illinois. In or around July 2024, Plaintiff purchased the Bodum French press coffee maker, the Bistro model, for approximately $22.00 at a Walmart store in Rockford, Illinois.

38. Based on Bodum's labeling, packaging, and marketing materials, the Material Omissions, and Bodum's reputation as an expert on coffee makers, Plaintiff reasonably believed the Product did not suffer from the Defect and did not pose safety risks to herself and others in her household.

39. At no time was Plaintiff warned that the glass Product could unexpectedly break and pose a risk of serious burn injuries.

40. Plaintiff would not have purchased the Product or would have purchased it for much less had she known of its dangerous propensity for burn injuries. As such, Plaintiff was injured at the point of sale.

41. Plaintiff is not made whole by Defendant's inadequate recall and has lost the benefit of the bargain by Defendant's misrepresentations and omissions and failure to fully refund and recall the Product.

***Defendant Bodum USA, Inc.***

42. Defendant Bodum USA, Inc. is a New York Corporation, which has its principal place of business at 45 E 20th St 8th FL, New York, NY 10003 and is a resident and citizen of the State of New York.

43. At all relevant times hereto, Defendant has designed, built, manufactured,

distributed, promoted, and/or marketed and sold the Products under various brand names nationwide, including in New York.

**ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

44. Plaintiff and the Members of the Class had no way of knowing about Defendant's conduct concerning the safety risks associated with the use of the Products.

45. Neither Plaintiff nor any other Members of the Class, through the exercise of reasonable care, could have discovered the conduct by Defendant alleged herein. Further, Plaintiff and Members of the Class did not discover and did not know facts that would have caused a reasonable person to suspect that Defendant was engaged in the conduct alleged herein. For these reasons, all applicable statutes of limitation have been tolled by the discovery rule concerning claims asserted by Plaintiff and the Class.

46. Further, by failing to provide notice of the risks of health and safety concerns form burn injuries associated with the continued use of the Products, Defendant concealed its conduct, and the existence of the claims asserted herein from Plaintiff and the Class Members.

47. Upon information and belief, Defendant intended its acts to conceal the facts and claims from Plaintiff and Class Members. Plaintiff and Class Members were unaware of the facts alleged herein without any fault or lack of diligence on their part and could not have reasonably discovered Defendant's conduct. For this reason, any statute of limitations that otherwise may apply to the claims of Plaintiff or Class members should be tolled.

**CLASS ALLEGATIONS**

48. Plaintiff, individually, and on behalf of all others, brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of the following classes:

**Illinois Class**:

> All persons in Illinois who, during the maximum period of time permitted by law, purchased Defendant's Products for their personal use ("Illinois Class").

**Nationwide Class**:

> All persons in the United States of America who, during the maximum period of time permitted by law, purchased Defendant's Products for their personal use ("Nationwide Class").

49. As detailed in this Complaint, Defendant designed, manufactured, marketed, and sold Products containing a common Defect that rendered them susceptible to cracking or breaking during ordinary and foreseeable use, posing a risk of serious burn injuries. Defendant's negligent conduct and failure to adequately warn consumers of the Defect affected Plaintiff and Class Members in a substantially similar manner. Accordingly, this action is uniquely situated for class-wide resolution.

50. The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period.

51. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

52. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers in the Class who are Class Members as described above who have been damaged by Defendant's conduct.

53. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a. Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, negligent or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c. Whether Defendant failed to adequately warn Plaintiff and Class Members of the Defect and the risks associated with the Products;

d. Whether Defendant was negligent in designing and manufacturing Products that were unreasonably dangerous for their intended and foreseeable use;

e. Whether Defendant was unjustly enriched by retaining revenues from the sale of the defective Products;

f. Whether Defendant failed to exercise reasonable care in the design, manufacture, testing, marketing, and sale of the Product; and

g. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

54. Typicality: Plaintiff is a Member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every Member of the Class were subjected to Defendant's common course of conduct concerning the design, manufacture, marketing, sale, and failure to adequately warn consumers of the Defect. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

55. Adequacy: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members she seeks to represent, her consumer negligent claims are common to all members of the Class, she has a strong interest in vindicating her rights, she has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

56. Predominance: Pursuant to Rule 23(b)(3), common issues of law and fact identified

above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's negligent marketing and labeling practices.

57. Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude their maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i. It would be desirable to concentrate in this single venue the litigation of claims arising from Defendant's negligent conduct and the defective nature of the Products.

58. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**CLAIMS**
**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 et seq. ("ICFA")**
**(On behalf of Plaintiff and the Illinois Class)**

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

60. Plaintiff brings this cause of action on behalf of herself and the Illinois Class Members against Defendant.

61. Plaintiff and other Class Members are persons within the context of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1(c).

62. Defendant is a person within the context of the ICFA, 815 ILCS 505/1(c).

63. At all times relevant hereto, Defendant was engaged in trade or commerce as defined under the ICFA, 815 ILCS 505/1(f).

64. Plaintiff and the proposed Class are "consumers" who purchased the Products for personal, family, or household use within the meaning of the ICFA, 815 ILCS 505/1(e).

65. The ICFA prohibits engaging in "unfair or deceptive acts or practices … in the conduct of any trade or commerce…." ICFA, 815 ILCS 505/2.

66. The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices, including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act ("UDTPA"). 815 ILCS § 505/2.

67. Defendant's conduct as alleged constitutes unfair and deceptive acts and practices violating the ICFA. Defendant engaged in deceptive marketing by misrepresenting and omitting material facts regarding the Product's safety. The representations and Material Omissions were likely to mislead a reasonable consumer.

68. Plaintiff and the other Illinois Class Members reasonably relied upon Defendant's Representations, labeling, and omissions alleged herein.

69. Defendant's misconduct, as described herein, took place within the State of Illinois and constitutes unfair or deceptive acts or practices in the course of trade and commerce, violating 815 ILCS 505/1 et seq., by representing that the Product has characteristics or benefits that it does not have.[12] Defendant also did not intend to sell the products as advertised, in violation of 815 ILCS 505/2 and 815 ILCS 510/2(9).

70. Defendant engaged in fraudulent and/or deceptive conduct, which creates a likelihood of confusion or misunderstanding in violation of 815 ILCS § 505/2 and 815 ILCS § 510/2(3).

71. Defendant's uniform marketing representations and Material Omissions were deceptive and materially misleading. Defendant named and labeled the Products in a way that

[12] *See,* 815 ILCS § 505/2; 815 ILCS § 510/2(7).

would most strongly influence consumer choices and increase market share. Defendant knew that consumers purchasing the Products would reasonably understand the Products were safe to use.

72. As a direct and proximate result of Defendant's violations of the ICFA, as set forth above, Plaintiff and the Illinois Class Members have suffered ascertainable money losses caused by Defendant's representations. Had they been aware of the true nature of the Products, Plaintiff and Class Members would have paid less for the Products or would not have purchased them.

73. Based on Defendant's unfair and/or deceptive acts or practices, Plaintiff and the Illinois Class Members are entitled to relief, including restitution, actual damages, treble damages, punitive damages, costs, and attorney's fees, under 815 ILCS 505/10a.

**SECOND CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Nationwide Class)**

74. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75. Plaintiff, on behalf of herself and the Nationwide Class, brings a claim for unjust enrichment.

76. Defendant's conduct violated, *inter alia*, state law by manufacturing, advertising, marketing, and selling its Products while misrepresenting and omitting material facts.

77. Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Products at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members and to Defendant's benefit and enrichment. Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

78. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Product, which was not as Defendant represented

them to be.

79. Accordingly, it is inequitable for Defendant to retain the benefits conferred by Plaintiff and Class Members' overpayments.

80. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments so that Plaintiff and Class Members may seek restitution.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE**
**(On Behalf of Plaintiff and the Nationwide Class)**

81. Plaintiff realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

82. Plaintiff, on behalf of herself and the Nationwide Class, brings a claim for Negligence.

83. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective coffee presses that are reasonably safe for their intended uses by consumers, such as Plaintiff.

84. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Products in that Defendant knew or should have known that the Products created a high risk of unreasonable harm to the Plaintiff and consumers alike.

85. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Products in that, among other things, it:

i. Negligently designed its Products;
ii. Negligently manufactured its Products;
iii. Negligently failed to properly test the Products;
iv. Negligently failed to warn consumers of a known danger/defect in the subject

Products;

v. Negligently failed to disclose post-sale information known about the dangers or defects in the subject Products;

vi. Negligently concealed known dangers associated with the Products;

vii. Negligently operated the plant where the subject Products were manufactured; and

viii. Negligently failed to install quality control procedures, resulting inadequate product manufacturing and inspection.

86. As a direct and proximate result of Defendant's negligence, the Plaintiff in this case suffered injuries and damages described herein.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT DESIGN DEFECT**
**(On Behalf of Plaintiff and the Nationwide Class)**

87. Plaintiff realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

88. Plaintiff, on behalf of herself and the Nationwide Class, brings a claim for negligent design defect.

89. At the time the Products were designed, manufactured, and sold by Bodum, it was defective in design and unreasonably dangerous, given its characteristic of unexpected breaking during use.

90. There was a safer alternative design other than the one used, including the incorporation of better materials and manufacturing that would significantly reduce the risk of serious burn injuries in question without substantially impairing the coffee press' utility.

91. Plaintiff in this case used her coffee press in a reasonably foreseeable manner and did so as substantially intended by Defendant.

92. The subject Products were not materially altered or modified after being

manufactured by Defendant and before being used by Plaintiff.

93. As a direct and proximate result of Defendant's negligent design of its Products, the Plaintiff in this case suffered injuries and damages described herein.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representatives of the Class under Rule 23 of the FRCP;

(b) Awarding monetary damages, restitution damages and treble damages;

(c) Awarding Plaintiff and Class Members restitution and/or disgorgement of benefits unjustly retained by Defendant, to the extent permitted by applicable law;

(d) Awarding Plaintiff and Class Members appropriate equitable and injunctive relief, to the extent available under applicable law;

(e) Awarding Plaintiff and Class Members pre-judgment and post-judgment interest as permitted by law;

(f) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(g) Granting such other and further relief as the Court may deem just and proper.

**Dated:** November 4, 2026

**SIRI | GLIMSTAD LLP**

By: */s/Mason A. Barney*____________
Mason A. Barney (4405809)
Leslie Pescia*
Rachel N. Minder*

745 Fifth Avenue, Suite 500
New York, NY 10151
Main: 212-532-1091
Facsimile: 646-417-5967
mbarney@sirillp.com
lpescia@sirillp.com
rminder@sirillp.com

Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Phone: (215) 599-6072
E-mail: klaukaitis@laukaitislaw.com

*Attorneys for Plaintiffs and the Class*